CHARLES M. CARPENTER v. OVERLAND TIRE COMPANY.

Decided November 9, 1923.

**Agency—Sale of Land—Commissions—Duty of Agent—Conduct Justifies Making Rule Absolute.**

On defendant's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices MINTURN and BLACK.

For the rule, *W. Howard Demarest*.

*Contra, Frank Benjamin*.

PER CURIAM.

This is the third time the present case has been before this court on a rule to show cause.

The suit was brought by Carpenter to recover commissions which he claims to be entitled to as the producing agency of a sale of land belonging to the Overland Tire Company to the General Electric Company. The contract for the sale was made between one Whiteside, acting as the undisclosed agent of the General Electric Company, and the defendant company, without any knowledge on the part of the latter as to who the real purchaser was, that fact having been fraudulently kept from the knowledge of its president by the plaintiff. Because of this fraud on the part of the plaintiff a verdict in his favor has been twice set aside by this court; and, in dealing with the plaintiff's conduct, in determining the action of the court on the second rule, we used the following language, after pointing out that the only claim which the plaintiff had against the defendant was that, in the transaction resulting in the sale, he was acting as the defendant's agent. "One essential requisite of an agent is loyalty to his principal, and it is fundamental that an agent cannot recover from the principal in a case where he has been a party to the sacrifice of that principal's interests without the latter's knowledge and by fraud or intentional concealment. Not only did the plaintiff connive at a scheme to induce his own client to sell to the very party he had named" (and for a lower price than was agreed upon by the plaintiff and the defendant company's president), "under the idea that Whiteside was acting for himself individually or for other principals; but he permitted the defendant to conduct the negotiations through another broker and entirely concealed his own connection with the matter from the defendant." The testimony sent up with the present rule discloses no change in the situation, so far as this element is concerned, and on that

testimony, as we intimated in our opinion on the second rule, the trial court would have been justified in directing a verdict for the defendant.

The rule to show cause will be made absolute.